**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STAN LABER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-cv-01323-MTS |
| ) | |
| LLOYD J. AUSTIN, *in his official capacity* ) | |
| *as Secretary of Defense*, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of Defendant Lloyd J. Austin, in his official capacity as United States Secretary of Defense, to transfer or, in the alternative, dismiss the case. Doc. [4]. Plaintiff filed no opposition to the Motion, and his time to do so has elapsed. Doc. [7]; *see also* E.D. Mo. L.R. 4.01(B). For the reasons discussed below, the Court will grant the motion and transfer this case to the United States District Court for the Eastern District of Virginia.

**I.  Background**

Plaintiff Stan Laber alleges he was an employee of the National Geospatial-Intelligence Agency (NGA) from 2006 to 2015. Doc. [1] ¶¶ 2, 117. Plaintiff worked at the NGA's headquarters in Springfield, Virginia, and now resides in Albany, New York. *Id.* ¶ 2. In 2013, he applied for a promotion to the position of Defense Acquisition Workforce Improvement Act Supervisory Contract Specialist. *Id.* ¶ 3. Plaintiff was not selected for an interview and was not given the promotion. *Id.* ¶ 5. After unsuccessfully pursuing a number of administrative remedies, he filed the instant complaint. *Id.* ¶¶ 6–13. Plaintiff alleges that he was not selected because of his age, gender, and religion, and in retaliation for prior complaints, in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. § 621 *et seq*. *Id.* at 1–2.

Defendant Lloyd J. Austin moved to transfer the case or, alternatively, to dismiss the complaint. Defendant asserts that the Eastern District of Missouri is an improper venue under 42 U.S.C. § 2000e-5(f)(3), which governs venue for Title VII cases. Doc. [5] at 5–7. According to Defendant, all relevant employment actions occurred at NGA headquarters in Springfield, Virginia. *Id.* at 6. Additionally, Defendant submitted a signed declaration stating that Plaintiff's employment records are stored either in Springfield or on the cloud. Doc. [5-1] ¶ 4. Accordingly, Defendant requests that the case be transferred to the District Court for the Eastern District of Virginia. Doc. [4] at 1–2; 28 U.S.C. § 1406. Alternatively, Defendant argues that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Id.* at 2.

**II.     Discussion**

Title VII provides special rules for venue separate from the general venue rules in Chapter 28. 42 U.S.C. § 2000e-5(f)(3). An action under Title VII:

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Here, the alleged unlawful employment practices took place in Springfield, Virginia, where the NGA has its headquarters and where Plaintiff would have worked had he received the promotion. Doc. [1] ¶¶ 2–5. Plaintiff's claim that the Eastern District of Missouri is the proper venue relies on an unsupported allegation that his NGA

employment records currently are maintained and administered at Arnold, Missouri. *Id.* at 2. However, Defendant contradicted this allegation with Exhibit 1, which declares that Plaintiff's records are stored either in Virginia, on the cloud, or with the Office of Personnel Management. Doc. [5-1] at 2. Although the burden is on a defendant to show the venue is improper, *Ortho Solutions, LC v. Sanchez*, 4:19-cv-1307-HEA, 2019 WL 2450966, at *5 (E.D. Mo. June 12, 2019) (citing *United States v. Orshek*, 164 F.2d 741, 742 (8th Cir. 1947)), the evidence Defendant presented clearly refutes Plaintiff's allegations regarding records storage. Therefore, the Eastern District of Missouri is not a proper venue for Plaintiff's Title VII claims.

Plaintiff also brought claims under the ADEA, which has no specific venue provision of its own and instead relies on 28 U.S.C. § 1391. *Hill v. Napolitano*, 839 F. Supp. 2d 180, 182 (D.D.C. 2012). Under that statute, a civil action brought against an officer of the United States in his official capacity may be brought in any district (1) where the defendant resides, (2) where a substantial part of the events or omissions giving rise to the claim occurred, or (3) where the plaintiff resides. 28 U.S.C. § 1391(e). The Plaintiff resides in the Northern District of New York, the Defendant is located in the Eastern District of Virginia, and the events giving rise to Plaintiff's claim occurred in the Eastern District of Virginia. Docs. [1] at 1–3; [5-1] at 1–2. Under none of the three venue options of § 1391(e) is the Eastern District of Missouri a proper venue.

When the district in which the plaintiff brings a complaint is an improper venue, the court must dismiss, or if it is in the interest of justice, transfer the case to any district where it could have been brought. 28 U.S.C. § 1406(a). The "interest of justice" generally requires courts to transfer cases rather than dismissing them. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). Additionally, Defendant conceded that transfer would be a better option than dismissal

in the present case, though it still maintains Plaintiff failed to state a claim.  Doc. [5] at 8. Because the Eastern District of Virginia is a proper venue for both Plaintiff's Title VII and ADEA claims, that court is the proper venue for this case.  Finally, since the Court concluded that it is an improper venue for this case, it is not appropriate for the Court to reach a decision on Defendant's 12(b)(6) motion to dismiss for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's unopposed Motion to Transfer, Doc. [4], is **GRANTED**.  The Clerk of Court is directed to **TRANSFER** this action to the United States District Court for the Eastern District of Virginia.

Dated this 26th day of January, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE